UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BETTE BENNETT,

          Plaintiff,

   v.

UNITED STATES OF AMERICA,

          Defendant.

CASE NO. C20-5382 BHS

ORDER CERTIFYING QUESTION TO THE WASHINGTON STATE SUPREME COURT

This matter comes before the Court on Defendant the United States of America's ("Government") motion to dismiss for lack of subject matter jurisdiction. Dkt. 6.

On October 1, 2020, the Court issued an order reserving ruling on the motion, stating that it would certify questions to the Washington State Supreme Court on the constitutionality of the statute of repose, RCW 4.16.350. Dkt. 11. The procedural history and factual background of this case are set forth therein. *Id.*

For reasons stated in its previous order, the Court found a lack of clarity as to whether the applicable statute of repose violates the Washington Constitution's privileges and immunities clause or whether the statute of repose is unconstitutional because it infringes upon a plaintiff's right to access the courts.

ORDER - 1

The Court offered proposed questions for certification and requested that the parties submit additional briefing on whether the questions should be otherwise stated. *Id.* at 13. Plaintiff agreed with the Court's proposed questions, Dkt. 13, and the Government submitted supplemental briefing suggesting modifications to the questions, Dkt. 12. Having considered the parties' submissions, the following questions are hereby **CERTIFIED** to the Washington State Supreme Court:

> (1) Does RCW 4.16.350 violate the privileges and immunities clause of the Washington State Constitution, art. 1, sec. 12?
> (2) Does RCW 4.16.350 unconstitutionally restrict a plaintiff's right to access the court in violation of the Washington State Constitution, art. 1, sec. 10?

This Court does not intend its statement of the questions to restrict the Washington State Supreme Court's consideration of any issue that it may determine is relevant. Should the Washington State Supreme Court decide to consider the certified questions, it may in its discretion reformulate the questions. *See Affiliated FM Ins. Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009).

The Clerk of the Court is directed to submit to the Washington State Supreme Court certified copies of this order; a copy of the docket in the above-captioned matter; and Docket Numbers 1, 6, 8, 9, and 11. The record so compiled contains the matters in the pending case deemed material for consideration of the question certified for answer. In accordance with Washington State Rule of Appellate Procedure 16.16(e)(1), which states that "[t]he federal court will designate who will file the first brief," the Court designates Plaintiff as the party which will file the first brief in the Washington State Supreme Court on the certified question. The parties are referred to RAP 16.16 for

1  additional information regarding procedures upon review of the certified question. The
2  Clerk of the Court shall notify the parties within three days after the above-described
3  record is filed in the Washington State Supreme Court.
4        The Court **STAYS** this action (including the motion to dismiss, Dkt. 6) until the
5  Washington State Supreme Court answers the certified questions. Of course, nothing in
6  this order should be construed to prevent the parties from pursuing the resolution of this
7  case through settlement negotiations.
8        **IT IS SO ORDERED.**
9        Dated this 9th day of November, 2020.

*[Signature]*
BENJAMIN H. SETTLE
United States District Judge