UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BETTE BENNETT, | CASE NO. C20-5382 BHS |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION TO DISMISS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter comes before the Court on Defendant the United States of America's ("the Government") motion to dismiss for lack of subject matter jurisdiction. Dkt. 6. The Court has considered the briefings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Bette Bennett is the civilian wife of a Navy service member who had a history of chronic sinusitis and underwent sinus surgery at Naval Hospital Bremerton ("NHB") on May 18, 2009. Dkt. 1, ¶¶ 4.1–4.2. Following surgery, Doyle splints were placed to keep her airway open. *Id.* ¶ 4.2. On May 25, 2009, Bennett alleges that she experienced significant bleeding from her nose and was taken to the NHB emergency

room by ambulance. *Id.* ¶ 4.3. She further alleges that the on-call ENT physician, Dr.

Kristina Hart, removed the Doyle splints and inserted nasal packing into her nasal cavity.

*Id.* ¶¶ 4.4–4.5. When Dr. Hart inserted the nasal packaging, Bennett alleges that she

"heard a noise that sounded like cracking, felt acute pain, and passed out." *Id.* ¶ 4.6.

Bennett states that she was then operated on and was subsequently discharged from NHB.

*Id.* ¶¶ 4.7–4.8.

Bennett alleges that following the May 18, 2009 incident she developed symptoms

including migraines, malaise, light sensitivity, memory loss, and other neurocognitive

impairment. *Id.* ¶ 4.9. She states that she saw a series of neurologists and other specialists

who were unable to diagnose the cause of her symptoms and that it was not until August

2017 that she was treated by a neuropsychologist who found that she suffered deficits

consistent with a traumatic brain injury. *Id.* ¶¶ 4.10–4.11. She was ultimately referred to

the University of Washington Medical Center to see a specialist in brain injuries and

alleges that she was diagnosed in December 2017 with a traumatic brain injury to her

prefrontal cortex caused by the nasal pack insertion in 2009. *Id.* ¶¶ 4.12–4.13.

On approximately August 3, 2018, Bennett filed a federal tort claim with the

Department of Navy, Office of the Judge Advocate General, Tort Claims Unit Norfolk in

Norfolk, Virginia. *Id.* ¶ 3.1. Bennett alleges that the Department of the Navy denied her

tort claim on October 23, 2019 and informed her that she had six months to file suit. *Id.*

¶ 3.3.

On April 22, 2020, Bennett filed her complaint alleging that the Government,

through the actions of personnel at NHB, negligently inserted the nasal pack and failed to

1    diagnose and treat her brain injury in violation of the Federal Tort Claims Act ("FTCA").

2    *Id.* ¶ 5.1. On July 13, 2020, the Government filed a motion to dismiss for lack of subject

3    matter jurisdiction. It argues that Washington State's statute of repose, RCW 4.16.350,

4    extinguishes medical malpractice claims eight years after the act or omission and,

5    because Bennett's claims were filed more than eight years after her surgery, they are

6    barred as a matter of law. Dkt. 6. On August 3, 2020, Bennett responded, arguing that the

7    FTCA preempts Washington law. Dkt. 8. On August 7, 2020, the Government replied.

8    Dkt. 9.

9        On October 1, 2020, the Court deferred ruling on the Government's motion,

10    finding that there was no controlling Washington Supreme Court precedent on the statute

11    of repose's constitutionality under the Washington State Constitution. Dkt. 11. After the

12    parties responded to the Court's proposed certification questions, *see* Dkts. 12, 13, the

13    Court certified two questions to the Washington Supreme Court, Dkt. 14. The

14    Washington Supreme Court, however, declined the Court's request to answer the

15    certified questions because it did not appear from the record that the Court ruled on the

16    question of federal preemption. Dkt. 18. The question of whether the FTCA preempts the

17    state statute of repose is now before the Court.

## II.  DISCUSSION

19        The Government's motion to dismiss for lack of subject matter jurisdiction argues

20    that this Court does not have subject matter over Bennett's FTCA claims because the

21    statute of repose applies to her claims and because she did not file her claim within the

22    statutorily-mandated eight years. Dkt. 6 at 4.

## A.    Standard

Federal courts are presumed to lack jurisdiction, and on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) the burden of proof is on the plaintiff to establish subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Motions to dismiss brought under Rule 12(b)(1) may challenge jurisdiction factually by "disputing the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction," or facially by "asserting that allegations in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, the Government asserts a facial challenge. For facial challenges, a plaintiff's allegations are assumed as true and the complaint is construed in her favor. *Id.* However, the plaintiff bears the burden of alleging facts that are legally sufficient to invoke the court's jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## B.    Merits

The FTCA is a limited waiver of the Government's sovereign immunity for certain negligent acts or omissions of government employees. 28 U.S.C. § 1346(b)(1) confers jurisdiction upon district courts for certain tort claims against the Government where "a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 2674 provides that "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." The Government's "liability is determined under the law of the state where the act or

1  omission occurred." *Will v. United States*, 60 F.3d 656, 659 (9th Cir. 1995) (citation

2  omitted).

3      The FTCA has its own limitations period, which preempts any state statute of

4  limitations. *See Poindexter v. United States*, 647 F.2d 34, 36–37 (9th Cir. 1981). The

5  FTCA's limitations period provides that a claimant may file an administrative complaint

6  with the relevant agency within two years of the accrual of the cause of action.[1] 28

7  U.S.C. § 2401(b). If the agency denies the administrative claim, the claimant may file an

8  action in district court within six months of the denial. *Id.* If the agency fails to address

9  the claim within six months, the claimant may consider the claim denied and file suit in

10 district court "at any time" thereafter. 28 U.S.C. § 2675(a).

11     The FTCA does not, however, explicitly address whether it preempts state statutes

12 of repose. A statute of repose differs from a statute of limitations in that statues of repose

13 are not subject to equitable tolling. *Munoz v. Ashcroft*, 339 F.3d 950, 957 (9th Cir. 2003);

14 *see also* 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

15 § 1056 (3d ed. 2002). "A statute of repose is a fixed, statutory cutoff date, usually

16 independent of any variable, such as claimant's awareness of a violation." *Munoz*, 339

17 F.3d at 957. After the expiration of the time limit, a statute of repose "can be said to

18 destroy the right itself." *Underwood Cotton Co., Inc. v. Hyundai Merchant Marine*

19 *(American), Inc.*, 288 F.3d 405, 409 (9th Cir. 2002). "It is not concerned with the

20

---

21     [1] In the medical malpractice context, a claim under the FTCA accrues and the statute of
    limitations begins to run when a party knows of the existence of the injury and its cause. *See*
22 *United States v. Kubrick*, 444 U.S. 111, 121–24 (1979).

plaintiff's diligence; it is concerned with the defendant's peace." *Id.* Washington law provides that an action for injuries resulting from health care "in no event shall be commenced more than eight years after said act or omission[.]" RCW 4.16.350(3).

The Government thus argues that Washington's statute of repose applies because the time limit imposed by the statute determines when a private person can no longer face liability under state law for challenged conduct. Dkt. 6 at 7. The statute of repose should apply to FTCA claims, according to the Government, because it determines the existence of a claim at the time a lawsuit is filed. *Id.* (citing *Winn v. United States*, 593 F.2d 855 (9th Cir. 1979)). Bennett argues that the FTCA does not look to state statutes for whether a claim is timely filed—that the FTCA only looks to state law to determine whether the event creates liability. Dkt. 8 at 14.

The Ninth Circuit has not explicitly addressed whether the FTCA preempts a state statute of repose, and the parties' briefing largely relies on persuasive authority from district courts and circuits around the country. Notably, there is division among the courts on whether the FTCA preempts state statutes of repose. *Compare Romero v. United States*, No. CVI 17-0130 JB\KBM, 2018 WL 1363833 (D.N.M. March 15, 2018) (FTCA preempts New Mexico statute of repose), *Mamea v. United States*, No. 08-00563 LEK-RLP, 2011 WL 4371712 (D. Haw. Sept. 16, 2011) (Hawaii's six-year limitation period preempted by the FTCA), *and Bagley v. United States*, 215 F. Supp. 3d 831 (D. Neb. 2016) (FTCA preempts procedural Louisiana state law prescriptive period) *with Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013) (holding that Illinois's statute of repose was substantive law and FTCA did not preempt it) *and Anderson v. United States*,

1  669 F.3d 161, 165 (4th Cir. 2011) (concluding that if Maryland's statute of repose was

2  substantive, plaintiff's FTCA claim may be untimely). The Court is persuaded that the

3  FTCA preempts Washington's statute of repose and that the statute of repose does not bar

4  Bennett's claims here.

5      The Government largely focuses its argument against preemption on whether a

6  statute of repose is substantive or procedural law. Dkt. 6 at 7–8; Dkt. 9 at 7–8, 12. While

7  Washington courts have not addressed whether RCW 4.16.350 is substantive or

8  procedural, other courts around the country have held that state statutes of repose are

9  substantive law. *See, e.g.*, *Zander v. United States*, 786 F. Supp. 2d 880, 885 (D. Md.

10  2011) (Maryland's statute of repose is substantive law); *Huntoon v. United States*, 2017

11  WL 11500195, at *2 (N.D. Fla. Sept. 23, 2017) (Florida's statute of repose is substantive

12  law); *Augutis*, 732 F.3d at 754 (Illinois's statute of repose is substantive law). These

13  courts have concluded that a statute of repose is substantive rather than procedural

14  because it provides a substantive right to be free from liability after the statutory cutoff

15  date. *See Huntoon*, 2017 WL 11500195, at *2 (discussing Florida case law on substantive

16  law). It seems likely to the Court that Washington's statute of repose would also be

17  substantive, rather than procedural, law. *See State v. Smith*, 84 Wn.2d 498, 501 (1974)

18  ("Substantive law prescribes norms for societal conduct and punishments for violations

19  thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and

20  procedure pertain to the essentially mechanical operations of the courts by which

21  substantive law, rights, and remedies are effectuated."). But even if Washington's statute

22

1 | of repose is substantive, the Court's analysis on whether the FTCA preempts the statute

2 | of repose does not end with this conclusion.

3 | Federal preemption can be either express or implied. *Gade v. Nat'l Solid Wastes*

4 | *Mgmt Assn.*, 505 U.S. 88, 98 (1992). Express preemption occurs when a statute expressly

5 | states that it preempts certain areas of state law. *See Medtronic, Inc. v. Lohr*, 518 U.S.

6 | 470, 485 (1996). Implied preemption comprises of two subcategories: field and conflict

7 | preemption. Field preemption precludes states "from regulating conduct in a field that

8 | Congress, acting within its proper authority, has determined must be regulated by its

9 | exclusive governance." *Arizona v. United States*, 567 U.S. 387, 399 (2012) (citation

10 | omitted). Conflict preemption occurs where "compliance with both federal and state

11 | regulations is a physical impossibility[.]" *Florida Lime & Avocado Growers, Inc. v. Paul*,

12 | 373 U.S. 132, 142–143 (1963). It can also occur in "those instances where the challenged

13 | state law 'stands as an obstacle to the accomplishment and execution of the full purposes

14 | and objectives of Congress[.]'" *Arizona*, 567 U.S. at 399 (quoting *Hines v. Davidowitz*,

15 | 312 U.S. 52, 67 (1941)).

16 | While the FTCA does not expressly preempt statutes of repose, several courts

17 | have concluded that the fact that a statute of repose is substantive does not preclude

18 | implied preemption. For example, in *Zander v. United States*, the District of Maryland

19 | concluded that the substantive nature of the statute of repose was "immaterial" for the

20 | purpose of preemption because applying the strict cutoff date would be in conflict with

21 | the FTCA. 786 F. Supp. 2d at 885–86. The District of New Mexico reach a similar

22 | conclusion in its thorough analysis of FTCA preemption of the state statute of repose,

holding that "New Mexico's statue of repose clashes with the FTCA's structure and goals." *Romero*, 2018 WL 1363833, at \*16.

Viewing this issue through the lens of either of the implied preemption categories, the Court agrees that the FTCA preempts state statutes of repose because of its administrative goals and statutorily defined time limitations to file a claim. As best stated by the District of Hawaii,

> A statute of repose extinguishes a claim after a certain period of time, even if the claim has not yet accrued. Insofar as Congress expressly defined the statute of limitations for the FTCA in terms of accrual, applying state statutes of repose can effectively shorten the FTCA limitations period. By defining the statute of limitations as two years *after accrual*, Congress chose to allow suits against the United States that might be barred in states with shorter limitations periods, whether by statute of limitation or statute of repose.

*Mamea*, 2011 WL 4371712, at \*10 (emphasis added).

Specifically, the time limitations found in 28 U.S.C. § 2401(b) persuade the Court that Congress intended to override both state statutes of limitations and state statutes of repose. The administrative process for FTCA claims is statutorily defined, and, as the Supreme Court has stated, courts "should not take it upon ourselves to extend the [immunity] waiver beyond that which Congress intended. Neither, however, should we assume the authority to *narrow* the waiver that Congress intended." *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979) (internal citations omitted) (emphasis added). The Court agrees with Bennett that the FTCA does not look to state law to determine whether a particular claim is timely filed but rather to the administrative procedures explicitly laid out in the Act itself. Indeed, several other courts around the country have reached the

same conclusion. *See, e.g.*, *Jones v. United States*, 789 F. Supp. 2d 883 (M.D. Tenn. 2011); *McKinley v. United States*, No. 5:15-CV-101, 2015 WL 5842626, at *11–13 (M.D. Ga. Oct. 6, 2015); *Blau v. United States*, No. 8:12–cv–2669–T–26AEP, 2013 WL 704762, at *3 (M.D. Fla. Feb. 26, 2013); *Abila v. United States*, No. 2:09-CV-01345-KJD-LRL, 2011 WL 3444166, at *5 (D. Nev. Aug. 8, 2011).

Applying Washington's statute of repose to Bennett's FTCA claim would necessarily narrow the waiver Congress intended when it expressly stated the time limitations for FTCA claims. As alleged, Bennett complied with the federal tort claim administrative process: she timely filed her claim with the appropriate administrative agency within two years after she became aware of her injury and its cause and timely brought suit within six months of the agency's denial of her claim. Dkt. 1, ¶¶ 3.1, 3.3. Applying the statute of repose here would be in clear conflict with federal law; accordingly, the Court concludes that the FTCA statute of limitations preempts Washington's statute of repose.

As such, Bennett's suit was timely filed, and the Government's motion to dismiss is DENIED.

# III. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion to dismiss for

lack of subject matter jurisdiction, Dkt. 6, is **DENIED**.

Dated this 8th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge