UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BETTE BENNETT,

                    Plaintiff,

     v.

UNITED STATES OF AMERICA,

                    Defendant.

CASE NO. C20-5382 BHS

ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND STAY PENDING APPEAL

This matter comes before the Court on the Government's unopposed motion to certify the Court's June 8, 2021 Order (Dkt. 20) for interlocutory appeal and for a stay pending appeal. Dkt. 22.

Plaintiff Bette Bennett asserts violations of the Federal Tort Claims Act ("FTCA") for injuries she sustained following a sinus surgery at Naval Hospital Bremerton in May 2009. Dkt. 1. The Government filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the Washington State's statute of repose, RCW 4.16.350, extinguishes medical malpractice claims eight years after the act or omission and, because Bennett's claims were filed more than eight years after her surgery, they are barred as a matter of law. Dkt. 6.

1    In October 2020, the Court deferred ruling on the Government's motion, finding

2    that there was no controlling Washington Supreme Court precedent on the statute of

3    repose's constitutionality under the Washington State Constitution. Dkt. 11. The Court

4    certified two questions to the Washington Supreme Court. Dkt. 14. The Washington

5    Supreme Court, however, declined the Court's request to answer the certified questions

6    because it did not appear from the record that the Court ruled on the question of federal

7    preemption. Dkt. 18.

8        The Court then addressed whether the FTCA preempts the state statute of repose.

9    The Court concluded that the FTCA did preempt Washington's statute of repose and that

10   Bennett had timely brought suit. Dkt. 20. Thus, the Court denied the Government's

11   motion to dismiss. *Id.* The Government now seeks an interlocutory appeal of the Court's

12   Order denying its motion. Dkt. 22.

13       The court may certify for appeal an otherwise non-appealable order where "such

14   order involves a controlling question of law as to which there is substantial ground for

15   difference of opinion and . . . an immediate appeal from the order may materially advance

16   the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification of a non-

17   appealable order under § 1292(b) is appropriate where the order (1) "involves a

18   controlling question of law[;]" (2) "as to which there is a substantial ground for

19   difference of opinion[;]" and (3) "an immediate appeal from the order may materially

20   advance the ultimate termination of the litigation[.]" *In re Cement Antitrust Litig.*, 673

21   F.2d 1020, 1026 (9th Cir. 1982) (en banc). The party seeking certification has the burden

22   of showing that "exceptional circumstances justify a departure from the basic policy of

1   postponing appellate review until after the entry of a final judgment." *Coopers &*
2   *Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

3         The Court concludes that the Government has met its burden in establishing the
4   need for an interlocutory appeal at this time. Bennett's non-response only further
5   supports that conclusion. *See* W.D. Wash. LCR 7(b)(2) ("Except for motions for
6   summary judgment, if a party fails to file papers in opposition to a motion, such failure
7   may be considered by the court as an admission that the motion has merit.").

8         A controlling question of law is one where "resolution of the issue on appeal could
9   materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at
10  1026 (internal citations omitted). The Court's June 8 Order decided a controlling question
11  of law as to whether the FTCA preempts the Washington statute of repose because the
12  issue of preemption materially affects the outcome of this litigation. If the FTCA does in
13  fact preempt state statutes of repose, then the litigation may proceed to the merits; if not,
14  the state constitutionality of the statute of repose must be resolved. In either outcome,
15  preemption has a material effect on this case. The first element is therefore met.

16        Additionally, there are substantial grounds for a difference of opinion on the scope
17  of the FTCA's preemption. "To determine if a 'substantial ground for difference of
18  opinion' exists under § 1292(b), courts must examine to what extent the controlling law
19  is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). As the Court
20  noted in the underlying Order, while the FTCA has its own limitations period, which
21  preempts state statutes of limitations, the FTCA does not explicitly address whether it
22  preempts state statutes of repose. Dkt. 20 at 4. The Court further recognized that there is

1   division among the courts on whether the FTCA preempts state statutes of repose.

2   *Compare Romero v. United States*, No. CIV 17-0130 JB\KBM, 2018 WL 1363833

3   (D.N.M. March 15, 2018) (FTCA preempts New Mexico statute of repose), *Mamea v.*

4   *United States*, No. 08-00563 LEK-RLP, 2011 WL 4371712 (D. Haw. Sept. 16, 2011)

5   (Hawaii's six-year limitation period preempted by the FTCA), *and Bagley v. United*

6   *States*, 215 F. Supp. 3d 831 (D. Neb. 2016) (FTCA preempts procedural Louisiana state

7   law prescriptive period) *with Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013)

8   (holding that Illinois's statute of repose was substantive law and FTCA did not preempt

9   it) *and Anderson v. United States*, 669 F.3d 161, 165 (4th Cir. 2011) (concluding that if

10  Maryland's statute of repose was substantive, plaintiff's FTCA claim may be untimely).

11  While the Court reached the conclusion that the FTCA does preempt state statutes of

12  repose, it recognizes that other courts—including the Seventh Circuit—have reached the

13  opposite conclusion. Therefore, the second element for an interlocutory appeal is

14  satisfied.

15      Finally, an interlocutory appeal at this stage may materially advance the ultimate

16  termination of the litigation. 28 U.S.C. § 1292(b) does not require that a defendant prove

17  that the interlocutory appeal would have a final, dispositive effect on the litigation. *Reese*

18  *v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Rather, a party must show

19  that that an interlocutory appeal *may* materially advance the termination of litigation. An

20  appeal at this stage will assist the Court in determining whether it has subject matter

21  jurisdiction over this case and will conserve the Court's and the parties' resources. The

22  final element for an interlocutory appeal is thus met. Having concluded that all three

1  elements have been met, the Court agrees with the Government that an interlocutory

2  appeal is appropriate at this time.

3        Therefore, the Government's motion to certify the Court's June 8, 2021 Order

4  (Dkt. 20) for interlocutory appeal and for a stay pending appeal, Dkt. 22, is **GRANTED**.

5  Further proceedings in this Court are STAYED pending the filing of a petition for

6  permission to appeal in the U.S. Court of Appeals for the Ninth Circuit, the disposition of

7  that petition, and the disposition of any appeal permitted by the Ninth Circuit. The parties

8  shall file a joint status report regarding the resolution of any remaining issues within 14

9  days of an order resolving the appeal.

10        **IT IS SO ORDERED.**

11        Dated this 31st day of August, 2021.

12

13

14  BENJAMIN H. SETTLE
United States District Judge

15

16

17

18

19

20

21

22