UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BETTE BENNETT,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | CASE NO. C20-5382 BHS<br><br>ORDER CERTIFYING QUESTIONS TO THE WASHINGTON SUPREME COURT |

THIS MATTER is before the Court following the Ninth Circuit's Opinion, reversing and remanding this case, Dkt. 29.

This Court had denied the United States' motion to dismiss, Dkt. 6, concluding that the FTCA preempted Washington's health care statute of repose, RCW 4.16.350(3), and that Bennett's FTCA claim arising out of her surgery at Naval Hospital Bremerton was timely. Dkt. 20. The Ninth Circuit determined that the FTCA did not preempt RCW 4.16.350(3), and that her claim was not timely. Dkt. 29.

Bennett also asserts that RCW 4.16.350 violates the Washington Constitution in two ways. This Court previously certified two questions to the Washington Supreme

ORDER - 1

1 Court, Dkt. 14, and that court declined to address the state constitutional issues before
2 this Court had determined whether the FTCA preempts Washington's statute of repose:

> As a matter of comity, this court prefers in this matter to defer to the federal court's adjudication of the preemption issue because its resolution could make it unnecessary to reach the state law issues.

Dkt. 18 at 3.

The preemption issue has now been resolved in the Government's favor, leaving only Bennett's claim that Washington's statue of repose violates Washington's Constitution. The Ninth Circuit recognized the issue but remanded the case to this Court to address the "threshold" constitutionality issue. Dkt. 29 at 19. The parties' post-opinion Joint Status Report asks the Court to certify the same two questions to the Washington Supreme Court. Dkt. 31.

The Court agrees that the Washington Supreme Court should determine in the first instance whether Washington's statue of repose, RCW 4.16.350, violates Washington's Constitution. It therefore again CERTIFIES the following questions to the Washington State Supreme Court:

> (1) Does RCW 4.16.350 violate the privileges and immunities clause of the Washington State Constitution, art. 1, sec. 12?
>
> (2) Does RCW 4.16.350 unconstitutionally restrict a plaintiff's right to access the court in violation of the Washington State Constitution, art. 1, sec. 10?

The Court does not intend its statement of the questions to restrict the Washington Supreme Court's consideration of any issue that it may determine is relevant.

The Clerk of the Court is directed to submit to the Washington State Supreme Court certified copies of this order; a copy of the docket in this matter; and Docket

ORDER - 2

Numbers 1, 6, 8, 9, 20, and 29. The record so compiled contains the matters in the pending case deemed material for consideration of the questions certified for answer. The Court designates Plaintiff as the party which will file the first brief in the Washington State Supreme Court on the certified question under Washington State Rule of Appellate Procedure 16.16(e)(1).

This action is **STAYED** pending the further guidance from the Washington Supreme Court.

IT IS SO ORDERED.

Dated this 19th day of September, 2022.

BENJAMIN H. SETTLE
United States District Judge